IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KEVIN BERNARD DURHAM,

                                                ORDER

        Plaintiff,

                                                09-cv-4-slc[1]

   v.

LINDUS CONSTRUCTION/MIDWEST
LEAFGUARD, INC.,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated February 4, 2009, I granted plaintiff leave to proceed in forma pauperis in this action under Title VII of the Civil Rights Act of 1964. In his complaint, plaintiff alleges that defendant discriminated against him because of his race by overlooking him for certain jobs and later terminating his employment. Because plaintiff did not include

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. It is this court's expectation that the parties in a case assigned to the magistrate judge will give deliberate thought to providing consent for the magistrate judge to preside over all aspects of their case, so as to insure that all cases filed in the district receive the attention they deserve in a timely manner. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

1

an appropriate request for relief in his complaint, I gave him until February 18, 2009, in which to supplement the complaint to add a such a request. I told plaintiff that his complaint would not be served on the defendant until he had so modified his complaint.

Now plaintiff has filed a proper request for relief, dkt. # 8. In addition, he asks whether the court will stay all proceedings in this court so that he can continue to pursue a claim for relief with the Wisconsin Equal Rights Division for the same conduct he challenges in his complaint in this court. According to plaintiff, the ERD has advised him that it will refuse to investigate his claims unless he "puts on hold" his complaint in this court.

As plaintiff is well aware, when the United States Equal Opportunity Commission sent him a right-to-sue letter on October 9, 2008, he had 90 days within which to file his action in this court. He narrowly beat that deadline when he filed his complaint on January 5, 2009. If I were to dismiss his case to allow him to pursue the state's ERD proceedings such a dismissal would foreclose any new action he might attempt to file as time-barred. Equitable tolling of the 90-day period is reserved only for those rare situations in which the claimant has made a good faith error, such as bringing suit in the wrong court, or has been prevented in some extraordinary way from filing his complaint on time. Threadgill v. Moore U.S.A., Inc., 269 F.3d 848, (7th Cir. 2001); 42 U.S.C.A. § 2000e-5(f)(1). Neither of those situations applies here.

However, Title VII embodies a deliberate policy of giving state agencies the first opportunity to resolve complaints of discrimination. An aggrieved person may not even file

2

a charge with the EEOC until 60 days have elapsed from the initial filing of the charge with an authorized state or local agency, unless the state's proceedings are terminated earlier. 42 U.S.C. § 2000e-5(c); EEOC v. Commercial Office Products Co., 486 U.S. 107, 111 (1988). If a charge is initially filed with the EEOC, the charge may be referred to the appropriate state or local agency and that referral "properly institutes the agency's proceedings within the meaning of the Act, and the EEOC may hold the charge in 'suspended animation' during the agency's 60-day period of exclusive jurisdiction." Commercial Office Products, 486 U.S. at 111 (citing Love v. Pullman Co., 404 U.S. 522, 525-26 (1972)). Also, the state or local agency may waive the 60-day exclusivity period, pursuant to a worksharing agreement with the EEOC, which permits the EEOC to begin proceedings immediately. Id. at 113-16.

However, if the state does not waive its exclusivity period and its proceedings continue beyond 60 days, Title VII permits Equal Employment Opportunity Commission proceedings to run concurrently with the state proceedings. If the EEOC's proceedings finish first, it must issue a right-to-sue letter giving the claimant 90 days from the date the claimant or the attorney representing the claimant receives the right-to-sue notice to file a suit in federal court. 42 U.S.C. § 2000e-5(f)(1). Furthermore, upon request, the district court may, in its discretion, stay further proceedings for not more than 60 days pending the termination of state or local proceedings. Id.

According to plaintiff's submissions attached to his complaint, his claims of discrimination were forwarded by the EEOC to the Wisconsin Equal Rights Division.

3

Although it is not entirely clear from plaintiff's submissions whether a worksharing agreement between the EEOC and Wisconsin waived the 60-day exclusivity period as set forth in 42 U.S.C. § 2000e-5(c), it is reasonable to assume at this point in the lawsuit that such an agreement exists. First, plaintiff's submissions establish the fact that the EEOC did not wait 60 days to begin its proceedings. Plaintiff filed his charge with the EEOC on August 29, 2008. The EEOC's proceedings with respect to plaintiff's charge terminated when it issued plaintiff a right-to-sue letter on October 9, 2008, which was only 42 days after plaintiff filed his charge. Second, in Johnson v. J.B. Hunt Transport, Inc., 280 F.3d 1125, 1129 (7th Cir. 2002), the Court of Appeals for the Seventh Circuit noted that a worksharing agreement between the EEOC and Wisconsin ERD states in part:

> For charges originally received by the EEOC and/or to be initially processed by the EEOC, the [ERD] waives its rights to exclusive jurisdiction to initially process such charges for a period of 60 days, for the purpose of allowing the EEOC to proceed immediately with the processing of such charges before the 61st day.

Thus, at this time it is reasonable to assume that the ERD and EEOC have a worksharing agreement in which the ERD has waived its 60-day exclusivity period as set forth in 42 U.S.C. § 2000e-5(c).

If I assume that the EEOC properly began processing plaintiff's claim immediately and did not wait for 60 days, when plaintiff received his right-to-sue letter on October 9 he had 90 days to file this Title VII action, regardless of the stage of any state proceedings. Riley, 881 F.2d at 371. As stated, plaintiff filed this action within the 90-day period. Thus,

4

plaintiff's request to put this case on hold falls under the court's discretionary power to stay federal court proceedings "for not more than sixty days pending the termination of State or local proceedings . . . ." 42 U.S.C. § 2000e-5(f)(1). With one exception, I am prepared to stay all proceedings in this case for 60 days in an effort to allow the state to complete its administrative proceedings. The exception is that I am forwarding plaintiff's complaint, dkt. #1, as supplemented, dkt. #8, to the United States Marshal for service on defendant, with a directive that no answer to the complaint is required to be served and filed until 20 days after the date the stay is lifted. Because there is no provision in § 2000e for extending the stay beyond 60 days, it will lift automatically on April 20, 2009, unless plaintiff notifies the court before that time that his claim has been resolved satisfactorily by the ERD and that he is dismissing his action in this court voluntarily.

ORDER

IT IS ORDERED that plaintiff's request for a stay of these proceedings, dkt. #9, is GRANTED IN PART. The proceedings are STAYED until April 20, 2009, to allow the Wisconsin Equal Rights Division to resolve plaintiff's dispute, but plaintiff's complaint as supplemented is to be served on defendant forthwith. A copy of plaintiff's complaint, dkt. #1, supplement, dkt. #8, completed Marshals Service and summons forms and a copy of this order are being forwarded this date to the United States Marshal for service on defendant.

Further, IT IS ORDERED that if, by April 20, 2009, plaintiff has not requested voluntary dismissal of this case, the stay is LIFTED automatically. In that instance, defendants' answer to the complaint is to be served and filed no later than May 11, 2009.

Entered this 19th day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge