IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KEVIN BERNARD DURHAM,

                                                                                                  OPINION AND ORDER

                  Plaintiff,

                                                                                                  09-cv-004-vis[1]

      v.

LINDUS CONSTRUCTION/MIDWEST
LEAFGUARD, INC.,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil action in which plaintiff Kevin Durham was granted leave to proceed <u>in forma pauperis</u> on his claims that defendant Lindus Construction/Midwest Leafguard, Inc. discriminated against him because of his race in violation of Title VII of the Civil Rights Act of 1964. Defendant has filed a motion for summary judgment. I conclude that there is no evidence that defendant discriminated against plaintiff because of his race and will grant defendant's motion.

      Before addressing the motion, some additional matters require the court's attention.

---

[1] The parties have declined jurisdiction of the magistrate judge in this case and it has been set for assignment to a visiting judge. Because no Article III judge has been assigned as of yet, I am assuming jurisdiction over this case for the purpose of this order.

First, on December 7, 2009, several weeks after defendant's summary judgment motion was fully briefed, plaintiff filed a motion to amend his complaint. Dkt. #35. Federal Rule of Civil Procedure 15(a) permits a party to amend its pleadings by leave of court "when justice so requires." Although leave to amend should be "freely given," it may be denied for a number of reasons, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party and futility. Chavez v. Illinois State Police, 251 F.3d 612, 632 (7th Cir. 2001).

Plaintiff wants to amend his complaint to include allegations of retaliation that occurred in January 2009, but he has not explained why he delayed for almost a year before proposing an amendment. A delay of almost a year is undue. Plaintiff does mention in an earlier, separate filing, dkt. #23, that he did not discover some evidence about the retaliation until defendant submitted its answers to interrogatories. However, he says nothing about when he received those answers.

Except in unusual circumstances, it is too late for a plaintiff to seek to amend his complaint once a case as been fully briefed on a motion for summary judgment. Granting leave to amend at that point prejudices the defendant. E.g., Bethany Pharmacal Co. v. QVC, Inc., 241 F.3d 854, 861-62 (7th Cir. 2001) (court did not err in denying motion to amend complaint when defendant had already filed motion for summary judgment). Accordingly, plaintiff's motion to amend his complaint will be denied.

2

Next, I note that plaintiff failed to respond to all but two of defendant's proposed findings of fact. See Plt.'s Sur-Reply Br., dkt. #26. The proposed findings of fact to which defendant did not respond will be accepted as undisputed, as explained in the court's "Memorandum to Pro Se Litigants Regarding Summary Judgment Motions." PPTC order, dkt. #13, at 15 ("If a party fails to respond to a fact proposed by the opposing party, the court will accept the opposing party's proposed fact as undisputed."). Plaintiff does submit his own facts in a document entitled "Plaintiff's Motion to the Court to Allow Presentation of Matters Outside of Pleadings." Dkt. #27. However, the ten facts in that document relate to his allegations of retaliation and are irrelevant to his discrimination claim and defendant's motion. Thus, his motion to present those matters will be denied.

Finally, defendant filed a motion to strike the submissions that plaintiff filed after defendant filed its reply brief. Dkt. #32. Defendant correctly notes that those submissions were essentially a sur-reply by plaintiff. The court's "Procedure to be Followed on Motions for Summary Judgment" does not permit a sur-reply without the court having first granted a party permission to file the sur-reply. PPTC order, dkt. #13, at 19. It is true that plaintiff did not seek permission to file his sur-reply until after he submitted the documents. Dkt. #34. Nonetheless, I will accept his submissions. Although they provide some response to defendant's motion, they do not change the outcome. Accordingly, defendant's motion to strike, dkt. #32, will be denied and plaintiff's motion to permit his previously submitted

3

briefs, dkt. #34, will be granted.

From the facts proposed by defendant, I find that the following facts are material and undisputed.

## UNDISPUTED FACTS

### A. Plaintiff's Employment with Defendant

Defendant Lindus Construction/Midwest Leafguard, Inc. is headquartered in Baldwin, Wisconsin and employs 70 people. On August 14, 2001, plaintiff Kevin Durham, who is black, began working for defendant as a leafguard installer. Plaintiff was given an employment manual when he became an employee. In 2002, plaintiff was promoted to Warehouse Manager. Plaintiff received another employment manual in 2004. According to the manual, an employee may be subject to disciplinary action, up to and including immediate termination, if he or she engages in theft, fraud, embezzlement or other proven acts of dishonesty.

### B. Plaintiff's Theft of Metal

In April 2008, a representative for defendant found a receipt from a metal reduction scrap yard. The representative contacted the yard and learned that plaintiff had been selling scrap metal and new products to the yard for cash. Defendant conducted an internal

4

investigation and discovered a videotape of plaintiff loading into his truck new coil that was then sold to the scrap yard. The investigation further revealed receipts exceeding $10,000 for stolen property plaintiff had sold for scrap. The investigation discovered that the total amount stolen by plaintiff exceeded $33,000.

On April 14, 2008, plaintiff arrested and his employment with defendant was terminated. Plaintiff gave a statement to the authorities, admitting that he had been stealing and scrapping material from defendant for cash for approximately one year. He said that no one else was involved in the thefts, that defendant was a very good employer and that he was not stealing from it out of any type of retaliation for something done by defendant. On April 16, 2008, plaintiff was charged with theft of movable property in excess of $10,000, a class G felony. He pleaded guilty to the charge and was sentenced to 5 years' probation and 10 months in jail, with 5 months to serve.

### C. Plaintiff's Discrimination Charges and Complaint

On September 28, 2008, plaintiff filed a charge against defendant with the Equal Employment Opportunity Commission. In the charge, plaintiff alleged the following:

> I have been employed by [defendant] since 2000, as an [sic] [warehouse] Mgr. On April 14, 2008, I was accused of stealing from [defendant] and I was discharged.
>
> I believe that I was discharged based on my race (Black) in violation of Title

5

VII of the Civil Rights Act of 1964, as amended.

Stanaszak Decl., dkt. #19, exh. B at 3.  Plaintiff was issued a Dismissal and Notice of Rights from the EEOC on October 9, 2008.

On November 21, 2008, plaintiff filed a charge with the Wisconsin Equal Rights Division of the Department of Workforce Development.  In the charge, plaintiff alleged in relevant part:

> On April 14, 2008 I was terminated and arrested for theft of movable property from [defendant].
>
> Another employee, namely Kyle Metz, had committed the same offense and was not terminated nor was he legally charged.  He was ultimitely [sic] promoted to salesperson within the company.  It is commonly known throughout the company that Kyle Metz did commit this offense.
>
> I feel racial discrimination is a contributing factor in the disparity of the disciplinary actions taken by the employer.  When such equal acts of misconduct occur; I feel it is an unfair and unequal labor practice to discipline employees differently.

Id., dkt. #19, exh. D at 2.  The Equal Rights Division found no probable cause for plaintiff's charge.

On January 5, 2009, plaintiff filed this Title VII litigation. He alleged that his termination was racially motivated because Kyle Metz, a white employee, stole and was not terminated.  What actually happened with Metz is as follows:  defendant was not informed of Metz's theft until years after it had happened; when defendant learned of it, Emily Lindus

6

spoke to Metz about the theft; he admitted having stolen approximately $200 from defendant; he was admonished for his behavior; and he reimbursed defendant the $200.

### D.  Termination of Other Employees

In 2006, Thomas Madson and Kim Kasten, both white and employed by defendant, were fired by defendant for stealing scrap aluminum in excess of $10,000.  Both were criminally prosecuted.

### OPINION

### A.  Summary Judgment Standard

Under Fed. R. Civ. P. 56, summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  The party that bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, through the proposal of specific facts, that there is a genuine issue of material fact that requires a trial.  Hunter v. Amin, 538 F.3d 486, 489 (7th Cir. 2009) (internal quotation omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

The applicable substantive law will dictate which facts are material.  Darst v. Interstate Brands Corp., 512 F.3d 903, 907 (7th Cir. 2008).  Further, a factual dispute is

"genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248; Roger Whitmore's Automobile Services, Inc. v. Lake County, Ill., 424 F.3d 659, 667 (7th Cir. 2005). The court's function in a summary judgment motion is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249; Hemsworth v. Quotesmith.Com, Inc., 476 F.3d 487, 490 (7th Cir. 2007).

### B. Plaintiff's Alleged Termination in Violation of Title VII

Under Title VII of the Civil Rights Act of 1964, it is unlawful for an employer, such as defendant, "to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish that he was discriminated against because of his race, plaintiff has two options: the direct or indirect method. Winsley v. Cook County, 563 F.3d 598, 604 (7th Cir. 2009). Plaintiff fails to provide evidence for a reasonable jury to find in his favor under either method.

To survive summary judgment using the direct method, plaintiff must present direct or circumstantial evidence that creates "triable issues as to whether discrimination motivated the adverse employment action." Darchak v. City of Chicago Board of Education, 580 F.3d 622, 631 (7th Cir. 2009) (quotation omitted). Plaintiff provides no such evidence. At most, plaintiff's argument in his opposition brief could be seen as bare assertions or speculation

8

about the reasons for his termination. Such assertions are not sufficient facts from which a reasonable jury could conclude that defendant discriminated against plaintiff because of his race. Winsley, 563 F.3d at 605 ("The only evidence she presented was her own deposition testimony that the County mistreated her because of her race. These bare assertions are not sufficient to establish a link between Ms. Winsley's race and her treatment by the County.").

Plaintiff's failure under the direct method is unsurprising because it seems he is attempting to proceed under the indirect method alone. In his opposition brief, he argues that the "disparity in disciplinary action between similarly situated employees" violated his rights under Title VII. Plt.'s Opp. Br., dkt. #23 at 2. However, no jury could find for plaintiff under the indirect method as well.

Under the indirect method, plaintiff must establish "a prima facie case of discrimination by presenting evidence that: (1) [he] is a member of a protected class, (2) [his] job performance was meeting [his] employer's legitimate expectations, (3) [he] was subject to a materially adverse employment action, and (4) the employer treated similarly situated employees outside the protected class more favorably." Winsley, 563 F.3d at 604 (citation omitted). Plaintiff's claim fails under the indirect method for two reasons. First, the undisputed facts establish that his job performance was not meeting defendant's legitimate expectations and no reasonable jury could find otherwise. It is undisputed that

9

plaintiff was expected not to steal from defendant.  There is no question that this was a legitimate expectation.  Nonetheless, for a year plaintiff stole materials totaling $33,000 from defendant.  Accordingly, plaintiff fails to satisfy the job performance requirement of his prima facie case.

Second, plaintiff has not provided evidence of a similarly situated non-black employee who was treated more favorably than plaintiff.  "'To meet [his] burden of demonstrating that another employee is 'similarly situated,' a plaintiff must show that there is someone who is directly comparable to [him] in all material respects.'"  Winsley, 563 F.3d at 605 (quoting Patterson v. Avery Dennison Corp., 281 F.3d 676, 680 (7th Cir. 2002) (citations omitted)). Plaintiff proposed no facts about any similarly situated employees.  The only other employee plaintiff mentions is Kyle Metz, whom he names in his complaint.  However, it is clear that Metz is not directly comparable to plaintiff in all material respects.  It is undisputed that plaintiff stole $33,000 worth of materials from defendant over the course of a year and defendant caught him stealing on video.  Conversely, Metz stole $200 worth of materials once and defendant did not learn of the theft until years later.

In fact, the undisputed facts establish that plaintiff was treated the same as white employees who had stolen over $10,000 worth of materials.  Thomas Madson and Kim Kasten, who are white, were fired by defendant and criminally prosecuted in 2006 for stealing more than $10,000 worth of materials from defendant.  With no evidence of

10

similarly situated individuals, plaintiff fails the similarly situated requirement of the indirect method. No reasonable jury could find otherwise. Accordingly, plaintiff has failed to carry his burden on summary judgment and defendant's motion will be granted.

### C. Plaintiff's Additional Allegations of Discrimination

Defendant points out that besides allegations in his complaint that he was terminated because of his race, plaintiff also alleges that because of plaintiff's race, defendant treated him less favorably than other employees during his employment with defendant. Defendant contends that these allegations for additional discrimination claims should be dismissed. I agree.

As to these additional claims, plaintiff has failed to satisfy his summary judgment burden as the responding party "to come forward with the evidence that [he] has—it is the 'put up or shut up' moment in a lawsuit." Eberts v. Goderstad, 569 F.3d 757, 766 (7th Cir. 2009) (internal quotation omitted). Plaintiff has provided no evidence of circumstances in which he was treated less favorably than non-black similarly situated employees during his employment with defendant. This failure dooms any additional Title VII claims for alleged race discrimination.

In addition to the dearth of evidence, plaintiff never included these additional claims of racial discrimination in his EEOC charge. Thus, they cannot be brought in this lawsuit.

11

"As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." Cheek v. Western and Southern Life Insurance, Co., 31 F.3d 497, 500 (7th Cir. 1994). This rule is "a condition precedent with which Title VII plaintiffs must comply." Nonetheless, because laypersons, not lawyers, typically file charges with the EEOC, "a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint." Id. Thus, in determining whether a claim in a lawsuit was included in an EEOC charge. courts use the liberal standard that "Title VII plaintiffs may also litigate claims which are 'like or reasonably related to the allegations of the [administrative] charge and growing out of such allegations.'" Teal v. Potter, 559 F.3d 687, 691-92 (7th Cir. 2009) (quoting Jenkins v. Blue Cross Mutual Hospital Insurance, Inc., 538 F.2d 164, 167 (7th Cir. 1976) (citation omitted)).

In both his EEOC and Equal Rights Division charges, plaintiff mentioned race discrimination in the context of his termination alone. Plaintiff's allegations of disparity in promotional opportunities and of being denied access to opportunities for extra income are not "like or reasonably related" to his termination. Plaintiff's April 2008 termination was premised on his stealing, which is an entirely separate circumstance from any circumstances surrounding his not being promoted in 2005 or not receiving installation opportunities between 2001 and 2006. E.g., Rush v. McDonald's Corp., 966 F.2d 1104, 1110-11 (7th Cir. 1992) (EEOC charge and complaint not alike or reasonably related where employee

12

complained to EEOC of only certain episodes of discrimination, and then sought judicial relief for different episodes). It is simply not reasonable to conclude that in investigating plaintiff's termination, the EEOC or Equal Rights Division would have discovered these earlier, unrelated circumstances without additional allegations from plaintiff. It does not follow that just because plaintiff's termination and alleged disparate treatment while employed both involved race discrimination they are alike or reasonably related to each other. Cheek, 31 F.3d at 501 ("Because an employer may discriminate on the basis of sex in numerous ways, a claim of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not alike or reasonably related just because they both assert forms of sex discrimination."). Again, plaintiff's termination is an act by defendant that was separate and distinct from any failure either to promote or to provide opportunities for extra income.

Additionally, to permit plaintiff to proceed on claims that defendant failed to promote him or to provide him with extra income opportunities because of his race would defeat the notice purpose behind the general rule requiring charges to be presented to the EEOC before filing a complaint in court. Teal, 559 F.3d at 691 (a purpose of general rule is "to ensure that the sued employers receive adequate notice of the charges against them"). Neither plaintiff's EEOC charge nor his Equal Rights Division charge mentions anything other than defendant's termination of plaintiff for stealing materials. Defendant would not

13

have been on notice of the additional claims for race discrimination that plaintiff asserts in his court complaint. Plaintiff's failure to present his additional discrimination claims to the EEOC means that he failed to exhaust his administrative remedies with respect to those claims. These claims will be dismissed without prejudice. Teal, 559 F.3d at 693.

## ORDER

IT IS ORDERED that

1. Plaintiff Keven Bernard Durham's motion for leave to amend his complaint, dkt. #35 is DENIED; his motion to admit his previously submitted briefs, dkt. #34, is GRANTED; and his motion to present matters outside the pleadings, dkt. #27, is DENIED.

2. The motion of defendant Lindus Construction/Midwest Leafguard, Inc. to strike plaintiff's brief in sur-reply, dkt. #32, is DENIED.

3. Defendant's motion for summary judgment, dkt. #14, is GRANTED.

4. The clerk of court is directed to enter judgment in favor of defendant on plaintiff's claim that defendant terminated plaintiff in violation of Title VII of the Civil Rights Act of 1964 and DISMISSING without prejudice plaintiff's additional discrimination claims for

disparity in promotional opportunities and denial of denied access to opportunities for extra income.

Entered this 18th day of December, 2009.

>BY THE COURT:
>
>/s/
>
>_____
>BARBARA B. CRABB
>District Judge

15